UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 0:19-00274-WMW-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| JOHN EDWARD JUNEAU, | |
| Defendant. | |

This matter is before the Court for an Order regarding the parties' non-dispositive pretrial motions. The Court held a hearing on the motions on Tuesday, March 17, 2020. Based on the motions and the discussion at oral argument, the Court enters the following Order.

**1.     Government's Motion for Discovery**. The government seeks an Order permitting pretrial discovery from Mr. Juneau pursuant to Fed. R. Crim. P. 12.1, 12.2, 12.3, 16(b), and 26.2. Mr. Juneau does not object to the motion. The government's motion **[ECF No. 4]** is **GRANTED**. Mr. Juneau shall provide discovery as required by the applicable Rules and case law. The government shall make its expert disclosures **at least four weeks prior to trial**. Mr. Juneau shall provide his expert disclosures **at least three weeks prior to trial**.

**2.     Defendant's Motion for Participation by Counsel in Voir Dire**. Mr. Juneau's motion requesting permission for counsel to participate in voir dire **[ECF No. 29]** is **DENIED WITHOUT PREJUDICE**. The manner in which voir dire will be conducted is properly handled by the trial judge.

**3.     Defendant's Pretrial Motion for Disclosure of *Brady* Material**. Mr. Juneau seeks an Order requiring the government to provide him with all favorable or exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The government states that it understands its obligations pursuant to this case law and will make disclosures as required. *Brady*, *Giglio*, and their progeny impose a continuing obligation on the government to provide evidence favorable to the defendant in a criminal case. Mr. Juneau's motion **[ECF No. 30]** is **GRANTED**. The government shall provide all such evidence to the defense as soon as possible after receiving or discovering it, and **no later than two weeks before trial**.

**4.      Defendant's Pretrial Motion for Retention of Rough Notes**. Mr. Juneau seeks an Order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation. The government does not object to the motion and states that it has instructed its officers and agents to retain their rough notes concerning this investigation. Mr. Juneau's motion **[ECF No. 31]** is **GRANTED**. Disclosure of rough notes is not required by this Order.

**5.      Defendant's Pretrial Motion for Early Disclosure of Jencks Act Material**. Mr. Juneau argues that the Court should compel the government to disclose Jencks Act material prior to trial in this case notwithstanding the language of 18 U.S.C. § 3500. The government argues that this motion should be denied, but represents that it has already provided all or almost all Jencks Act material, and it will disclose any remaining material no later than three business days prior to trial. The Jencks Act does not require the disclosure of any witness statement or report in the possession of the government until after the witness has testified at trial. 18 U.S.C. § 3500(a). Mr. Juneau's motion **[ECF No. 32]** is **DENIED**.

**6.      Defendant's Motion to File Later Motions for Good Cause**. Mr. Juneau asks the Court to enter an Order allowing him to file later motions concerning issues which arise or are revealed through the discovery process upon a showing of good cause. The government does not object to the motion. Mr. Juneau's motion **[ECF No. 33]** is **GRANTED**. However, the Court notes that Mr. Juneau need not file a motion requesting permission to do what the Federal Rules of Criminal Procedure already allow. Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.").

**7.      Defendant's Pretrial Motion for Pretrial Disclosure of Rule 404(b) Evidence**. Mr. Juneau seeks an Order requiring the government to disclose any evidence it intends to offer at trial pursuant to Federal Rule of Evidence 404(b) and the witnesses through whom such evidence will be presented. The government asserts that it will comply with the notice requirements of Rule 404(b) and proposes disclosing such evidence within three weeks of trial. Mr. Juneau's motion **[ECF No. 34]** is **GRANTED**. The government shall provide the notice required by Rule 404(b) **at least three weeks prior to trial**.

**8.      Defendant's Pretrial Motion for Production of Grand Jury Transcripts**. Mr. Juneau argues that the government should be required to produce grand jury transcripts for witnesses the government intends to call at the motion hearing or at trial. The government

2

indicate that it called one witness before the grand jury in support of the Indictment and Superseding Indictment and states that if the government calls that witness at the motions hearing or at trial, it will provide his grand jury transcripts to the defense prior to the defense counsel's cross-examination of the witness. Mr. Juneau's motion **[ECF No. 35]** is **DENIED**. The Court may order the disclosure of grand jury transcripts upon a showing of "particularized need." *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996). Mr. Juneau has not made a showing of particularized need.

  9. **Defendant's Pretrial Motion for Discovery**. Mr. Juneau seeks an Order compelling the government to provide pretrial discovery pursuant to Fed. R. Crim. P. 16. The government states that it has complied and will continue to comply with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law. Mr. Juneau's motion **[ECF No. 36]** is **GRANTED**. The government shall provide discovery as required under the applicable Rules and case law.

  10. **Defendant's Motion to Schedule a *Franks* Hearing and Affidavit of Counsel**. Mr. Juneau requested a *Franks* hearing regarding several statements made by law enforcement officials in their applications for two search warrants. Without determining definitively whether Mr. Juneau made the preliminary showing required to obtain a *Franks* hearing, the Court held an evidentiary hearing because taking that approach would limit the potential need for additional proceedings amid the ongoing coronavirus pandemic. Moreover, the Court and the parties now have a complete record from which to determine whether a preliminary showing under *Franks* has been made, and if so, whether Mr. Juneau has shown that the warrant should be invalidated. The Court will issue a ruling on this motion when it issues the report and recommendation addressing the suppression issues.

  11. **Defendant's Motion for Disclosure of Confidential Informant**. Mr. Juneau moves the Court for an Order pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957), for the disclosure of the identity of any confidential informants used in the government's investigation of this case. The government asserts that it did not use any confidential informants in its investigation. The motion **[ECF No. 58]** is **GRANTED** to the extent that the government shall make disclosures of any informant, if it becomes aware that an informant was used in the investigation.

  12. **Defendant's Motions to Suppress Evidence**. At the hearing, the Court received evidence relating to Mr. Juneau's motions to suppress evidence obtained from the Columbia

Heights and Coon Rapids residences pursuant to search warrants that were issued for each location. [ECF Nos. 40, 41.] Mr. Juneau also filed a motion to suppress DNA evidence found on a firearm that was retrieved during the search of a garage on the Coon Rapids property. [ECF No. 70.] The Court set a schedule for the parties to submit post-hearing briefing for these motions. The Court will take the suppression motions under advisement upon submission of the final brief and will issue a report and recommendation.

    **IT IS SO ORDERED**.

Date: September 8, 2020

    *s/Katherine Menendez*
    Katherine Menendez
    United States Magistrate Judge