# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 19-cr-274-WMW-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| John Edward Juneau, | |
| Defendant. | |

In an Order dated September 8, 2020, the Court noted that the government had taken the position that "it did not use any confidential informants in its investigation," and directed the government to disclose any informant to Mr. Juneau "if it becomes aware that an informant was used…." ECF 74 ¶ 11. In a letter dated March 4, 2021, the government now asks the Court to modify its September 8th Order and rule that the government need not disclose the identity of an informant.[1] Gov't's Letter, ECF 98. For the reasons that follow, the government's request is granted.

The government states that in its initial response to Mr. Juneau's motion for disclosure of the informant, it represented that no informants were used in connection with the investigation of Mr. Juneau. *See* ECF 61. The government acknowledges that it had received information regarding Mr. Juneau from a "confidential defendant" or "CD." At the time of its initial response in March of 2020, the government was characterizing the CD as a "witness" and not an informant. The CD's information about Mr. Juneau was included in the affidavits submitted to obtain two search warrants that were challenged by suppression motions.[2] On August 3, 2020, the government filed a supplemental response to the informant motion, clarifying that the CD was an informant and asserting the government's

---

[1] The government's letter was also the subject of an email request. However, the Court instructed the government to file its letter on the docket. Mr. Juneau did not respond to the email request, nor has he responded to the government's letter.

[2] The District Court has now adopted this Court's Report and Recommendation and denied Mr. Juneau's suppression motions. ECF 96.

1

privilege against disclosure of the informant's identity under *Roviaro v. United States*, 353 U.S. 53 (1957). ECF 66. Mr. Juneau did not respond to the government's supplement, nor did he raise any issue with the government's assertion of the privilege at the September 4, 2020 motions hearing. ECF 77.

The Court's September 8th Order granting Mr. Juneau's motion should be amended because it does not take into account the government's clarification of its position regarding the information provided by the CD. In the supplemental response, the government explained that the charges in this case are not based on any of the information provided by the CD, but instead on the "observations and seizures of the police." ECF 66 at 3. The government represented that it does not intend to call the CD to prove the charges against Mr. Juneau. *Id.* Finally, the government argued that Mr. Juneau had not presented any information or evidence to support a claim that the informant's testimony would be material to his defense. *Id.* at 5.

The only submission in the record from Mr. Juneau regarding disclosure of the CD's identity is his motion for disclosure, in which he states that "[t]he identity of the informant must be disclosed because the informant's information was used to justify the issuance of the warrants in this case." ECF 58 at 1. However, the Eighth Circuit has explained that individuals who convey information to the government, but who did not witness nor participate in the offense are regarded as "tipsters" whose disclosure "is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991). Mr. Juneau's assertions in the motion do not demonstrate that disclosure of the CD's identity is material to his defense. *Id.* at 877 ("In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case.").

Accordingly, the government's letter request is granted, and **IT IS HEREBY ORDERED THAT** the government is not required to disclose the identity of the "confidential defendant" who merely conveyed information to law enforcement that was used to obtain the challenged search warrants, but who neither witnessed nor participated in the charged offenses. If the government becomes aware of any information that contradicts

3

its representations to the Court regarding the extent of the CD's involvement in this case, it must notify Mr. Juneau immediately so that his request for disclosure may be renewed.

Date: March 10, 2021

                                                                   *s/Katherine Menendez*
                                                                    Katherine Menendez
                                                                    United States Magistrate Judge