UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-CR-274 (WMW-KMM)

_____

UNITED STATES OF AMERICA,

          PLAINTIFF,         DEFENDANT'S
v.                                         TRIAL BRIEF

JOHN EDWARD JUNEAU,

          DEFENDANT.

_____

Mr. John Edward Juneau, by and through his attorney, Matthew J. Mankey, respectfully submits this trial brief in the above-referenced matter.

## INTRODUCTION AND FACTS

On February 1, 2019, agents of the Anoka Hennepin Narcotics and Violent Crimes Task Force (AHNVCTF) executed a warrant at 4408 Monroe Street in Columbia Heights, Minnesota. Law enforcement located several people in the garage of the residence including the defendant, John Juneau. One individual was located inside the house. Law enforcement recovered narcotics in a pair of bib overalls that were located near Mr. Juneau. The total weight of the drugs was approximately 30 grams. Inside the residence, one Avis Feriancek was found in possession of approximately 35 grams of Methamphetamine. A search of her cell phone revealed evidence that suggested that she was selling Methamphetamine. Mr. Juneau and Ms. Feriancek were arrested for drug possession.

Mr. Juneau has stipulated that he possessed the drugs found in the bib overalls.

On July 9, 2019, a second warrant was executed at 341 106th Avenue in Coon Rapids, Minnesota. Pursuant to that search, law enforcement seized Methamphetamine located in a number of locations throughout the property totaling approximately 67.842 grams. It is relevant to note that one of the packages weighing approximately 29 grams was located in a closet in a downstairs bedroom that was periodically utilized by Crystal Bolen, the significant other of Mr. Juneau. A DNA analysis of those drugs indicated that Ms. Bolen was primary DNA contributor. Ms. Bolan was charged in state court for possession of these drugs.

In the one of the garages of the residence, law enforcement found additional quantities of Methamphetamine including two small bags totaling 9.8 grams located inside a snickers tin, 10, grams in a brown cabinet hanging on a wall, and 15 grams in a glass case in another brown cabinet, and 12 more grams in the same cabinet. Two firearms, one of which was stolen was also located in the garage on top of the aforementioned cabinets where the Methamphetamine was located.

Mr. Juneau disputes that the drugs and guns seized pursuant to the Coon Rapids search were possessed by him.

**UNRESOLVED ISSUES**

The government has informed defense counsel that the United States objects to the "expert" testimony of Mr. Marlin Meszaros and plans to file a motion in limine. Mr. Meszaros works as the Recovery Community Coordinator at FreedomWorks Reentry and Recovery Service at 2912 Fremont Avenue North, Minneapolis, Minnesota 55411. In his current position, he works with former inmates many of whom are recovering drug

addicts including those addicted to Methamphetamine.  Mr. Meszaros himself is a recovering addict having been addicted to Methamphetamine for 27 years, he has served time in prison and is intimately aware of the Methamphetamine "culture." His awareness of the Methamphetamine culture is from his years of being involved in the trade both as a user and distributor of the drug.  In his current position, he has stayed current in his knowledge about Methamphetamine.

    The defendant is not disputing that he possessed the Methamphetamine seized pursuant to the warrant executed in February 2019 in Columbia Heights.  He is disputing that he is guilty of distribution as alleged in the superseding indictment.  The defendant maintains that he did not possess or distribute the drugs seized pursuant to the second warrant executed in July of 2019 in Coon Rapids.  The defense theory of the case is that if the government can prove possession of Methamphetamine, they cannot prove distribution.  It is anticipated that Mr. Meszaros will be able to credibly testify about how Methamphetamine is consumed and more importantly, how much a serious addict can consume of the drug in a short period of time thereby bolstering the defense position that the amount possessed, which is admittedly small for a federal case, was for personal use and not for distribution.  Through his employment at FreedomWorks, Mr. Meszaros has maintained his knowledge about the precipitous drop in the price of Methamphetamine which has resulted in regular users being able to purchase larger quantities of the drug for personal consumption.

    Mr. Meszaros does not hold any professional degrees or even have much formal education.  He has not written scholarly articles or performed scientific tests.  However, it

is respectfully suggested that cases have been affirmed where police have been deemed qualified to testify as an expert by his experience. In *U.S. v. McDaniel*, 925 F.3d 381 (8th Cir. 2013), the Court found a police officer competent to testify as an expert. The Court noted several parameters but because the officer had experience consisting of 500 drug purchases, 200 search warrants and 100 interviews with drug addicts. No methodology or peer review was required. The officers testimony was admissible based on an abundance of experience. In *United States v. Lopez*, 880 F.3d 974 (8th Cir. 2017), the defendant was charged, as in the instant case, with distribution of Methamphetamine. The defense theory, likewise, in the instant case, was that the defendant possessed the drug for personal consumption. The Court held that a DEA agent was qualified to testify as an expert regarding how quantities of use of Methamphetamine are affected by purity. The agent had 18 years of experience interviewing addicts, arrestees and their family members to formulate his opinion. Here, the expertise of Mr. Meszaros is more extensive insofar as Mr. Meszaros not only works with and interviews addicts but he himself was one as well. Moreover, Mr. Meszaros' testimony will assist the jury in understanding the landscape involved in the drug culture surrounding Methamphetamine.

## **LENGTH OF TRIAL**

The defense anticipates trial will take 4-5 days inclusive of jury selection.

## WITNESSES AND TRIAL COUNSEL

Per the Courts Pretrial Order, the Government and Defense have jointly submitted a list of attorneys and parties to the case. Defense witness and exhibit lists have been emailed.

Dated: August 24, 2021                                      Respectfully submitted,

/s/ Matthew J. Mankey
Attorney for Defendant
Attorney ID #230303
5500 Wayzata Blvd, Suite 1025
Golden Valley, MN
(763) 560-4388
matthewmankey@comcast.net