UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-274 (WMW/KMM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) GOVERNMENT'S MOTION IN ) LIMINE TO EXCLUDE TESTIMONY ) OF MARLIN MESZAROS |
| JOHN EDWARD JUNEAU, | ) ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through its undersigned attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Thomas M. Hollenhorst, Assistant United States Attorney, and hereby moves this Honorable Court to exclude the testimony of Marlin Meszaros.

I. Statement of Facts

The defense has given notice to the government that it plans to call Marlin Ray Meszaros as a defense expert to testify as to how methamphetamine is consumed; how much a "serious" addict can consume over a short period of time; and how a "precipitous drop in the price of methamphetamine" has enabled drug users to purchase larger quantities of methamphetamine for personal consumption. *See* Defense Trial Brief [Doc. 112] at 3. The defense states that Mr. Meszaros is the Recovery Community Coordinator at FreedomWorks Reentry and Recovery Service in Minneapolis, Minnesota, and that he currently works with former inmates, many of whom are recovering drug addicts including those addicted to methamphetamine. *Id*. at 2-3. The defense further states that Mr. Meszaros is a recovering addict having been addicted to methamphetamine

for 27 years; that he has served time in prison and is intimately aware of the methamphetamine "culture" based upon his years of being involved in the drug trade both as a user and distributor of methamphetamine.  *Id.* at 3.  The defense concedes that "Mr. Meszaros does not hold any professional degrees or even have much formal education . . . [and] has not written scholarly articles or performed scientific tests."  *Id.*

In fact, Mr. Meszaros appears to have an extensive criminal record, which includes at least 10 felony convictions for drug offenses, two felony convictions for fleeing from the police, and a felony conviction for receiving stolen property.  Many of his convictions relate to misconduct within the last 10 years.  Moreover, it appears that Mr. Meszaros has never testified as an expert nor that can base his opinions and conclusions upon any published data or scientific research.

## II.  Argument

A district court may allow expert testimony when the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed.R.Evid. 702.  The Supreme Court has held that Rule 702 imposes a special obligation upon a trial judge to ensure that all expert testimony, even non-scientific and experience-based expert testimony, is both relevant and reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993).

In *Daubert*, the Supreme Court stated that, in determining reliability, the trial judge may consider:  (1) whether a "theory or technique . . . can be (and has been) tested"; (2) whether it "has been subjected to peer review and publication"; (3) whether, in respect

to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and (4) whether the theory or technique enjoys "general acceptance within a relevant scientific community." *Daubert*, 509 U.S. at 593-94.

Mr. Meszaros' anticipated testimony does not satisfy any of the four factors set forth in *Daubert*. There is no evidence that his "theory or technique . . . can be (and has been) tested," that it "has been subjected to peer review," that there are any "standards controlling the technique's operation," and that his theory or technique enjoys "general acceptance within a relevant scientific community." Because his anticipated testimony does not satisfy *Daubert*, Mr. Meszaros' "expertise" is not reliable and should therefore be excluded.

In addition, while district courts have "broad discretion" under *Daubert* when deciding the competency of an expert witness, *Kumho Tire Co.*, 526 U.S. at 153, expert testimony under Rule 702 is inadmissible if it fails the balancing test of Fed.R.Evid 403. *United States v. Solorio-Tafolla*, 324 F.3d 964, 966 (8th Cir. 2003). Therefore, if the probative value of the expert testimony is outweighed by the danger that it would confuse the jury, be unfairly prejudicial, cause undue delay, waste judicial resources, or be cumulative, the testimony should be excluded. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1246-47 (9th Cir. 2004). A district court's ruling on the admissibility of expert testimony will not be reversed on appeal absent a clear and prejudicial abuse of discretion. *United States v. Aungie*, 4 F.4th 638, 645 (8th Cir. 2021).

Here, the defense appears to be calling Mr. Meszaros simply for the proposition that the defendant did not intend to distribute the methamphetamine found during the searches of his residences.  But, this evidence runs afoul of the prohibition that "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone."  Fed.R.Evid. 704(b); *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006).  In any event, Mr. Meszaros can best be described as a lay witness who appears to have no specialized expertise or training to testify in this case as an expert.

The defense reliance on *United States v. Lopez*, 880 F.3d 974 (8th Cir. 2017), is misplaced.  While that case upheld the long-standing practice of allowing police officers to testify as experts concerning amounts methamphetamine users typically consume, it does not stand for the proposition that a substance abuse counselor is competent to testify as an expert.  There is no evidence in the appellate record to suggest that the government objected to the substance abuse counselor's testimony in that case, as it has done here.

WHEREFORE, the government respectfully requests this Honorable Court to the exclude the testimony of Marlin Meszaros.

Dated:   August 24, 2021			Respectfully submitted,

							W. ANDERS FOLK
							Acting United States Attorney
							s/ *Thomas M. Hollenhorst*
							BY: THOMAS M. HOLLENHORST
							Assistant United States Attorney
							Attorney ID No. 46322