UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-CR-274 (WMW-KMM)

_____

UNITED STATES OF AMERICA,
              PLAINTIFF,

v.

JOHN EDWARD JUNEAU,
              DEFENDANT.

DEFENSE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF SPECIAL AGENT MICHAEL FLANAGAN

_____

Mr. Juneau requested that the Court allow defense witness Marlin Meszaros to give expert opinion testimony on the culture surrounding the use, sale, and consumption of methamphetamine. The Government opposed that motion, (Doc 114), and the defense replied. (Doc 118).

The Government has informed Defense Counsel by email on March 3, 2022, of its' intent to call Special Agent Michael Flanagan to testify as an expert on issues similar if not identical to the testimony about which Mr. Meszaros will testify. The Court has not yet issued a ruling to resolve the issue.

The thrust of the Government's argument appears to be that Mr. Meszaros' testimony does not meet the *Daubert* standard. If that is true, the Government's objection prohibits their use of Agent Flanagan as well because there is no scientific methodology, no peer-review, and no scientific standard that can be disputed about the subject matter of

the police expert. This is the argument made by the Government in favor of excluding Mr. Meszaros' testimony.

The Special agent has assembled his knowledge through anecdotal evidence. Mr. Meszaros by contrast, has lived and experienced the subject matter of his anticipated testimony. Police have no epistemological monopoly. They are not credentialed scientists. They have their experience alone with no recognized methodology-one that is subject to scientific dispute of the type that advances knowledge. The Special Agent is incapable of stating what method he used, what are its recognized standards, and what degree of scientific confidence he has in the results. If this is the criterion, then neither the Special Agent nor Mr. Meszaros should be allowed to proffer an opinion.

Mr. Meszaros is a person with germane experience: he bought and sold drugs, ingested methamphetamine in every conceivable way, he was addicted to methamphetamine, shared drugs, associated with people who did the same over a period more than 27 years and now works with former addicts.

If the Government's objection is valid, it prohibits the Government from introducing an expert witness for the identical reason. To be consistent and not violate due process, either both witnesses, Agent Flanagan, and Mr. Meszaros must be allowed to proffer opinion testimony or neither should be able to do so. Mr. Meszaros will testify in *rebuttal*. The Government should not be allowed to elicit the testimony of a police officer to share anecdotes and then prevent the defense rebuttal because it is anecdotal.

Dated: March 9, 2022	Respectfully submitted,

<p style="margin-left: 50%;">
<u>/s/ Matthew J. Mankey</u><br>
Attorney for Defendant<br>
Attorney ID #230303<br>
5500 Wayzata Blvd, Suite 1025<br>
Golden Valley, MN<br>
(763) 560-4388<br>
matthewmankey@comcast.net
</p>