UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-274 (WMW/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,        **GOVERNMENT'S MOTION IN LIMINE**

    v.

JOHN EDWARD JUNEAU,

        Defendant.

The United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Harry M. Jacobs and Andrew S. Dunne, Assistant United States Attorneys, submits the following motion in limine.

### I. Motion in Limine to Admit Evidence that the Defendant Previously Transferred Possession of Methamphetamine Under Rule 404(b)

On June 4, 2012, the Defendant was convicted of kidnapping. In that case, the Defendant made a deal with two individuals to borrow a car. The Defendant provided cash and approximately $900 in methamphetamine as collateral for borrowing the car until the return of the car. When the Defendant later returned with the car, the individuals were unable to provide the methamphetamine. The Defendant then kidnapped the individuals, brought them to a residence, and beat and tortured them using a crowbar and a torch, demanding to know where the methamphetamine was. The Defendant later admitted to the officers that he provided the methamphetamine as collateral for borrowing the car. (*See* Criminal Complaint, attached hereto as Exhibit A (marked for identification at trial as Ex. 106).)

The United States seeks to introduce evidence that in the above case, the Defendant provided $900 worth of methamphetamine to others as collateral. The United States does not seek to introduce the underlying kidnapping conviction or details of the offense beyond the Defendant providing methamphetamine to others as collateral. The fact that the Defendant previously transferred possession of methamphetamine for use as collateral goes to his knowledge of and intent to distribute the methamphetamine recovered by the officers in this case.

The evidence is admissible pursuant to Federal Rule of Evidence 404(b)(2) for the purpose of showing the Defendant's knowledge of and intent to distribute methamphetamine that he allegedly possessed in this case. Under Rule 404(b), evidence of other crimes or bad acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence is admissible pursuant to Rule 404(b) if the act in question "(1) is relevant to a material issue; (2) is similar in kind and not overly remote in time to the crime charged; (3) is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Banks*, 706 F.3d 901, 906–07 (8th Cir. 2013). The Eighth Circuit has repeatedly instructed that Rule 404(b) is "a rule of inclusion, permitting admission of such evidence unless it tends to prove only the defendant's criminal disposition." *United States v. Adams*, 898 F.2d 1310, 1313 (8th Cir. 1989). Further, "[w]here intent is an element of the crimes charged, evidence of other acts tending to establish that element is generally admissible." *Id.* at 1313. The trial court has broad discretion when deciding whether to admit or exclude prior bad act evidence. *Id.*

2

Here, this evidence is admissible under Rule 404(b) because it is relevant to the Defendant's knowledge of and intend to distribute methamphetamine. *First*, the evidence is relevant to show that the Defendant possessed methamphetamine with the intent to distribute it. The Defendant argues that he only possessed a user amount of methamphetamine. In other words, the Defendant is contending that he did not intend to distribute whatever methamphetamine he possessed. Evidence that the Defendant previously possessed a distributable quantity of methamphetamine, and that he used that methamphetamine as collateral, is relevant to show knowledge and intent to commit possession with intent to distribute. *See United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002); *see also United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006) ("Evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element.")

*Second*, the evidence is similar in kind to the charged conduct, involving the Defendant possessing a distributable amount of methamphetamine. Although in that case, the Defendant was charged with kidnapping, the United States does not seek to introduce any evidence of the kidnapping or related conduct. The United States only seeks to admit evidence that the Defendant used methamphetamine as collateral. Moreover, the crime occurred approximately seven years before the 2019 searches in this case and are not too remote because they are "within the bounds of admission." *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002)

3

*Third*, the act in question is supported by sufficient evidence. The complaint for the underlying matter, to which the Defendant pled guilty, notes that the Defendant admitted to transferring possession of methamphetamine for use as collateral.

*Finally*, the potential prejudice does not substantially outweigh the evidence's probative value. This prior conduct has probative value because the Defendant is arguing that he did not intend to distribute any methamphetamine he possessed. Any danger of unfair prejudice can be minimized by a limiting instruction. *See United States v. Lucas*, 521 F.3d 861, 866 (8th Cir. 2008) ("A limiting instruction diminishes the danger of unfair prejudice.").

The court's pretrial order required the United States to provide notice required by Rule 404(b) at least three weeks prior to trial. Although the United States has previously produced documents relating to that criminal case, it did not intend to offer such evidence under Rule 404(b) at trial and therefore did not provide any notice. However, the Court should excuse the lack of pretrial notice for good cause. The Defendant offered affirmative evidence through its expert witness as to the quantity of methamphetamine that a drug user might possess.

The United States now seeks to offer this evidence in its rebuttal case. The United States would request the Court's permission to call a rebuttal witness to testify that in an investigation in 2012 (just seven years before the events in this case), the defendant transferred possession of $900 worth of methamphetamine for use as collateral. The United States does not intend to get into any other specifics about that case, nor what the Defendant was convicted of in that case.

For the reasons set forth above, evidence of the Defendant's previous conduct of using methamphetamine for collateral is admissible pursuant to Rule 404(b).

Dated:   April 10, 2022                    Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Harry M. Jacobs*
BY: HARRY M. JACOBS
ANDREW S. DUNNE
Assistant United States Attorneys