**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN EDWARD JUNEAU,

Defendant.

Criminal No. 19-274 (JRT/DTS)

**AMENDED MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

John Edward Juneau, Reg. No. 21620-041, FCI Gilmer, Federal Correctional Institute, PO Box 6000, Glenville, WV 26351, pro se Defendant.

Following a jury trial, Defendant John Edward Juneau was found guilty and convicted of multiple counts of possessing methamphetamine and firearms. *See United States v. Juneau*, 73 F.4th 607 (8th Cir. 2023). The Court sentenced Juneau to 216 months in prison, followed by a five-year term of supervised release. (Sentencing J. at 2–3, Aug. 19, 2022, Docket No. 195.)

On October 22, 2024, Juneau filed a Pro Se Motion to Vacate pursuant to 28 U.S.C. § 2255.[1] (Mot. Vacate, Oct. 22, 2024, Docket No. 217.) A few months later, Juneau filed

[1] The Court notes the possibility that the motion to vacate was submitted past the statute of limitations because the document was not postmarked until October 15, 2024, four days after the October 11 deadline. However, the Court deems it possible that Juneau did deliver the

a Pro Se Motion to Amend his Motion to Vacate. (Mot. Am., Mar. 3, 2025, Docket No. 223.) Although the Court will grant Juneau's motion to amend and has carefully considered all his arguments, the Court concludes that relief is not warranted. The Court will therefore deny the motion to vacate.

**BACKGROUND**

In 2019, a grand jury indicted Juneau on four offenses: Counts One and Two, possession with intent to distribute methamphetamine; Count Three, possessing and carrying a firearm in furtherance of, and during and in relation to, a drug trafficking crime; and Count Four, being a previously-convicted felon in possession of a firearm. (Superseding Indictment, Dec. 12, 2019, Docket No. 20.) After trial, a jury found Juneau guilty of simple possession of methamphetamine, a lesser included offense of Count One; and Counts Two, Three, and Four as charged in the Superseding Indictment. (Jury Verdict at 1–5, Apr. 12, 2022, Docket No. 165)

Juneau appealed his conviction to the Eighth Circuit Court of Appeals where he argued that the Court erred by denying his motions to suppress evidence. *Juneau*, 73 F.4th 607, 610. The Eighth Circuit affirmed Juneau's conviction. *Id.* at 617.

Juneau now raises four grounds which he claims entitle him to relief. **First**, Juneau alleges that his attorney provided ineffective assistance of counsel by "failing to support,

---

petition to prison staff on October 10, 2024. Regardless, as further discussed herein, Juneau's petition fails on its merits.

with legal arguments, and/or affidavits and witness testimony," motions to suppress evidence. (Mot. Vacate at 4; Mot. Am. at 3.) **Second**, Juneau alleges that his attorney also provided ineffective assistance by failing to challenge procedural deficiencies in the charging of Count Three. (Mot. Vacate at 7.) **Third**, Juneau alleges ineffective assistance because his attorney failed to appeal this Court's denial of a *Franks* hearing.[2] (Mot. Vacate at 9.) And **fourth**, Juneau claims that 18 U.S.C. § 922(g)(1), the basis for his conviction under Count Four, is unconstitutional. (Mot. Am. at 5.)

## DISCUSSION

Section 2255 provides a limited opportunity for those serving federal prison sentences to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

[2] In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the United States Supreme Court provided a defendant a right under limited circumstances to a hearing that challenges the veracity of an affidavit supporting a search warrant.

The Court will address Juneau's ineffective assistance of counsel claims and then his claim that § 922(g)(1) is unconstitutional.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

The petitioner bears the burden of proof upon each ground presented for relief in a § 2255 petition. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970). To support a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a petitioner must show that their counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances . . . ." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (citation omitted). The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To satisfy the second prong of *Strickland*, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The two-part *Strickland* analysis also applies to claims of ineffective assistance of appellate counsel. *Zinzer v. Iowa*, 60 F.3d 1296, 1299 (8th Cir. 1995).

### B. Failure to Present Evidence to Support Motions to Suppress Evidence

#### 1. Coon Rapids Search

Juneau first alleges that his counsel was ineffective because he failed to secure and present to the Court evidence that would have allowed Juneau to prevail in his motion to suppress evidence obtained from the search warrant for a residence in Coon Rapids, Minnesota. Juneau alleges:

- There was little evidence tying Juneau to the Coon Rapids residence, and his counsel failed to illustrate the lack of nexus between Juneau, the residence, and the evidence seized following execution of a search warrant for the residence. (Mot. Vacate at 4–6.)
- His counsel was in possession of evidence that would have impeached Detective Neitzel, the officer who investigated Juneau and applied for the warrant to search the Coon Rapids residence, but "refused to impeach Detective Neitzel . . . ." (*Id.* at 5.)
- His counsel "failed to obtain the grand jury minutes which would have demonstrated the inconsistencies in the trial testimonies for the Government, and impeached their respective testimony." (Mot. Vacate at 6.) Juneau alleges that this evidence would have shown that he did not own the firearms stored at the Coon Rapids house. (*Id.*)

When Juneau appealed his conviction to the Eighth Circuit, he argued that the Coon Rapids search warrant was not supported by probable cause. *Juneau*, 73 F.4th at 615–16. The Eighth Circuit concluded that, "[n]otwithstanding [certain] asserted inaccuracies" in the affidavit supporting the warrant, the Magistrate Judge had a "substantial basis for concluding that probable cause existed to search the Coon Rapids residence for evidence of drug trafficking." *Id.* at 616 (internal quotation marks omitted). The Eighth Circuit reached this conclusion emphasizing that "the Coon Rapids affidavit was imperfect," but nevertheless demonstrated a "fair probability that evidence of a crime would be found at the Coon Rapids residence." *Id.* (cleaned up).

The Court finds no reason to conclude, based on the conclusory arguments presented in Juneau's Motion to Vacate, that his trial counsel's performance in pursuing the motion to suppress fell outside the wide range of professional assistance that is sufficient satisfy *Strickland's* first prong. *Acty*, 77 F.3d at 1059. However, even if the Court assumed that Juneau's counsel's conduct "fell below an objective standard of reasonableness," *id.*, Juneau has failed to demonstrate that the ultimate outcome of his suppression motion would have been different were it not for his counsel's performance. The Eighth Circuit, reviewing the Court's legal conclusions de novo, determined that the Coon Rapids search warrant was supported by probable cause even in light of certain inconsistencies in the supporting documents. *Juneau*, 73 F.4th at 613. Juneau has not

shown that any of the evidence he points to in his motion would have changed that result, and therefore has not established a claim of ineffective assistance.

### 2. Columbia Heights Search

In his Amended Motion, Juneau also claims ineffective assistance based on his attorney's failure to challenge the Columbia Heights search warrant based on the Fourth Circuit's decision in *United States v. Lyles*, 910 F.3d 787 (4th Cir. 2018). In *Lyles*, the Fourth Circuit determined that "a trash pull revealing evidence of three marijuana stems, three empty packs of rolling papers, and a piece of mail, standing alone" could not justify a warrant to search an entire home. *Id.* at 787. Juneau stresses that his counsel "failed to challenge the search of [the Columbia Heights residence] through making appropriate legal arguments similar to that made by counsel in *Lyles*[.]" (Mot. Am. at 3.)

But as with the Coon Rapids search, even if Juneau were able to demonstrate that his counsel had provided ineffective assistance, he would not be able to show prejudice. In this case, the Eighth Circuit held that the warrant to search the Columbia Heights property was supported by probable cause, and that "[t]he trash pull, in particular, strongly supports a finding of probable cause." *Juneau*, 73 F.4th at 614–15. Juneau has not shown that an argument to the contrary at the district court, particularly relying on non-binding case law from another circuit, would have changed this ultimate outcome.

For all these reasons, the Court will deny Juneau's motion to vacate with respect to his arguments based on his trial counsel's motions to suppress.

### C. Failure to Challenge the Jury's Verdict

Juneau next alleges that his attorney provided ineffective assistance by failing to challenge the jury's verdict. Juneau argues that because the jury adjudicated him guilty on Count One only for simple possession of methamphetamine, not for possession with intent to distribute methamphetamine, it is "unknown which methamphetamine count jurors used to return a guilty verdict" with respect to Count Three—possessing or carrying firearms in furtherance of a drug trafficking crime. (Mot. Vacate at 7.) Juneau therefore argues that the Court must "assume the verdict [with respect to Count Three] to rest upon the invalid predicate" and that his counsel "provided incompetent representation" by failing to challenge the guilty verdict on Count Three on these grounds. (*Id.*)

Juneau is correct that to find him guilty as charged with Count Three, the jury needed to find that he "committed the crime of possession with intent to distribute methamphetamine[.]" (Final Jury Instructions at 10, Apr. 13, 2022, Docket No. 160.) And he is correct that the jury did not find him guilty of possession with intent to distribute methamphetamine with respect to Count One. But the jury unanimously found Juneau guilty of "the crime of possession with the intent to distribute 50 grams or more of actual methamphetamine" as charged in Count Two. (Final Verdict Form at 2, Apr. 13, 2022, Docket No. 164.)

Further, the Superseding Indictment specifically stated that the crimes charged in Counts Two and Three arose from Juneau's conduct on July 9, 2019, whereas the crime charged in Count One arose from conduct on a different date. (*Id.* at 1–2.) The jury

instructions and the verdict form cite back to each relevant paragraph in the Superseding Indictment and left no room for the jury to conflate which counts arose from which instance of alleged criminal conduct. (Final Jury Instructions at 6–11, Apr. 13, 2022, Docket No. 160; Final Verdict Form at 1–5, Apr. 13, 2022, Docket No. 164.) There is no reason for the Court to conclude that the verdict with respect to Count Three rested upon an "invalid predicate." (Mot. Vacate at 7.) Furthermore, Juneau has failed to provide any facts supporting a finding of ineffective assistance relating to the jury's verdict.

For these reasons, the Court will deny Juneau's motion to the extent he alleges ineffective assistance of counsel due to a failure to challenge the jury's verdict.

### D. Failure to Appeal the Court's Denial of a *Franks* hearing

Juneau argues further that his attorney provided ineffective assistance of counsel because he did not appeal the Court's denial of a *Franks* hearing. (Mot. Vacate at 9.) The Eighth Circuit, in ruling on Juneau's appeal, noted that "[a]t oral argument, defense counsel insisted that Juneau was . . . appealing the district court's denial of his motion for a *Franks* hearing." *Juneau*, 73 F.4th at 615 n.5. But because "Juneau's brief only discusses the denial of his motions to suppress," the Eighth Circuit considered the *Franks* argument waived. *Id.* However, the court went on to state that:

> Even if we were to consider the *Franks* argument, Juneau could not show that the district court abused its discretion by denying Juneau's motion for a *Franks* hearing because, as demonstrated above, Juneau has not shown that "if the false information is excised (or the omitted information is included), the [Columbia Heights] affidavit no longer establishes probable cause." *United States v. Arnold*, 725 F.3d

> 896, 898 (8th Cir. 2013) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). The same goes for the Coon Rapids warrant . . . .

*Id.*

Review of the performance of counsel is "particularly deferential when reviewing a claim that appellate counsel failed to raise an additional issue on direct appeal." *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013). "[A]bsent contrary evidence," courts should "assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008). "The prejudice standard is equally rigorous." *Id.* To succeed on an ineffective assistance of counsel claim, a petitioner must also "show that the result of the proceeding would have been different had he raised the . . . issue on direct appeal." *Id.* (internal quotation marks omitted).

Juneau provides no facts or argument that his counsel's failure to raise the issue of the *Franks* hearing in appellate briefing was anything other than the exercise of appellate strategy or that the result of the proceeding would have been different. The Court will therefore deny Juneau's motion on this ground.

## II. CONSTITUTIONALITY OF § 922(g)(1)

Finally, Juneau asks the Court to vacate his conviction under Count Four on the grounds that the Supreme Court's decision in *New York State Rifle & Pistol Association Inc. v. Bruen*, 597 U.S. 1 (2022), renders 18 U.S.C. § 922(g)(1)'s ban on felons possessing firearms unconstitutional.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Eagle*, 742 F.3d at 1081-82. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised [as a collateral attack] only if the defendant can first demonstrate either cause [for a procedural default on appeal] and actual prejudice . . . or that he is actually innocent[.]" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted).

Juneau could have raised this constitutional claim on appeal but did not; and he has not made any showing of cause for failing to raise this claim on appeal or prejudice. Juneau therefore cannot now raise the claim on a motion to vacate under § 2255, and the Court will deny Juneau's motion as it pertains to this ground.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds it unlikely that another court would decide the issues raised in Juneau's motions differently. Thus, the Court will deny a certificate of appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Amend Petition (Docket No. [223]) is **GRANTED**.
2. Defendant's Pro Se Motion to Vacate (Docket No. [217]) is **DENIED**.
3. The Court does **not** certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Defendant's motions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 27, 2026
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge